F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 29 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00885-BNB

NOUR GRIFFIN EVANS,

    Plaintiff,

v.

CAPTAIN SAUTER, Individually and in His Official Capacity as Deputy Sheriff for Arapahoe County, et al.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Nour Griffin Evans, is in the custody of the Arapahoe County Sheriff and currently is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Evans initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Evans is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Evans will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Evans and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure. The Complaint is eighty-nine pages long, including thirty-seven pages of unexplained exhibits, and names twenty-six defendants. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

    Mr. Evans fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Instead, he has presented his claims in a narrative chronological format that is repetitive rather than asserting the claims in a short and concise format. Therefore, Mr. Evans will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Evans is reminded that it is his responsibility to present his claims in a short and concise format. Mr. Evans must also present his

claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Evans also is reminded that he must allege specific facts in his Amended Complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Evans must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Evans further is reminded that to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Evans file, **within thirty days from the date of this Order**, an Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Evans, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Evans fails to comply with this Order within the time allowed the action will be dismissed without further notice.

DATED April 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00885-BNB

Nour Griffin Evans
Prisoner No. 200900015315
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 29, 2011.

                            GREGORY C. LANGHAM, CLERK

                            By: _____
                                    Deputy Clerk