IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00885-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 12 2011

GREGORY C. LANGHAM
CLERK

NOUR GRIFFIN EVANS,

    Plaintiff,

v.

CAPTAIN SAUTER, Individually and in His Official Capacity as Deputy Sheriff for Arapahoe County, et al.,

    Defendants.

---

### ORDER OF DISMISSAL

---

Plaintiff, Nour Griffin Evans, is an inmate in the custody of the Arapahoe County Sheriff and currently is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Evans, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on April 5, 2011. He was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee by order dated April 26, 2011.

On April 29, 2011, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it did not comply with Rule 8 of the Federal Rules of Civil Procedure, and because Mr. Evans failed to allege the personal participation of each named defendant. Therefore, Mr. Evans was directed to file an Amended Complaint. After receiving an extension of time, Mr. Evans submitted an Amended Complaint on June 14, 2011.

In the Amended Complaint, Mr. Evans asserts two claims. In his first claim, he alleges that he was placed in administrative segregation when he refused to take a middle bunk assignment. Amended Complaint at 11. Mr. Evans asserts that he is medically approved for a lower bunk assignment, but that he was mistakenly assigned to a middle bunk. *Id.* at 12. Mr. Evans alleges that an "erroneous and fraudulent disciplinary report" was filed against him as a result of his refusal to take the middle bunk. *Id.* at 15. He asserts that a disciplinary hearing was conducted on November 24, 2010, by Defendants Sauter, Hoban and Doizaki, and that these Defendants failed to provide Mr. Evans with advance notice of the hearing, the right to call witnesses, assistance in preparing for the hearing, a written statement of the reasons for being found guilty, and the right to present documentary evidence in his defense. *Id.* at 15. Mr. Evans asserts that he has been confined in administrative segregation from November 24, 2010, to the present. *Id.* He alleges that he has a protected liberty interest in avoiding disciplinary confinement and that his Fourteenth Amendment right to due process has been violated. In his second claim, Mr. Evans asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated based on his continued confinement in administrative segregation. *Id.* at 23-34. Mr. Evans seeks damages and injunctive relief.

The Court must construe the Amended Complaint liberally because Mr. Evans is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories,

2

his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Amended Complaint will be dismissed.

With respect to Mr. Evans' due process claim, the United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Evans does not allege that he was deprived of life or property at his disciplinary hearing. Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise under the United States Constitution or prison regulations. *See Sandin*, 515 U.S. at 483-84. Although it is not clear that Mr. Evans has been reclassified as a result of his disciplinary action, to the extent he has been reclassified, the Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224.

Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The United States Supreme Court has recognized that a due process liberty interest is at stake when a prisoner's reclassification imposes an "atypical and significant hardship." *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). But the conditions in *Wilkinson* were extreme, including indefinite solitary confinement that rendered the prisoner ineligible for parole. *See id.* at 224. The kind of extreme conditions found in *Wilkinson* are not present here.

Although Mr. Evans asserts that he has been in administrative segregation for approximately 7.5 months (from November 24, 2010, to the present), Mr. Evans does not assert that he has been placed in administrative segregation indefinitely with no hope of being considered for parole. Mr. Evans alleges that the conditions in administrative segregation include being "locked down" in his cell for twenty-three hours per day, recreation for one hour per day, and loss of visitation, phone, commissary and exercise privileges. Amended Complaint at 16. However, Mr. Evans' conditions of confinement are not sufficiently severe to create a protected liberty interest. *See, e.g.*, *Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Villarreal v. Harrison,* No. 99-1268, 1999 WL 1063830, at *2 & n. 1 (10th Cir. Nov. 23, 1999) (concluding that conditions of prisoner's two-year confinement in administrative detention, including restricted telephone privileges and requirement that he eat all of his meals alone in his cell, were

4

not so different as compared with normal incidents of prison life as to give rise to a protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that thirty-day commissary and cell restrictions did not implicate due process concerns); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (finding no liberty interest in thirty-day sanction that included restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions). Therefore, this claim will be dismissed as legally frivolous.

With respect to Mr. Evans' Eighth Amendment claim, a prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities. ' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

"[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." *Bailey v. Shillinger*, 828 F.2d 651,

653 (10th Cir.1987) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)); *accord Williams v. Greifinger*, 97 F.3d 699, 703-05 (2d Cir. 1996) (discussing contours of right to out-of-cell exercise); *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992) ("Generally a prisoner should be permitted some regular out-of-cell exercise."); *Davenport v. DeRobertis*, 844 F.2d 1310, 1313 (7th Cir. 1988) (upholding district court finding that allowing inmates in segregation unit only one hour of out-of-cell exercise a week violated Eighth Amendment). "Although we have never expressly held that prisoners have a constitutional right to exercise, there can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment." *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994).

Nothing Mr. Evans asserts in Claim Two rises to the level of an Eighth Amendment violation. Although Mr. Evans claims he is denied adequate recreation because he subjected to "23-hour lock down with 1-hour out of cell for recreation", he does not assert that he was completely denied recreation on a regular basis or that he specifically suffered any physical injury due to his limited access to recreation. Therefore, the Court finds that Claim Two also fails to state a nonfrivolous claim and it will be dismissed. Accordingly, it is

ORDERED that the Amended Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __12th__ day of _____July_____, 2011.

BY THE COURT:

    s/Lewis T. Babcock    
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00885-BNB

Nour Griffin Evans
Prisoner No. 200900015315
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 12, 2011.

                            GREGORY C. LANGHAM, CLERK

By: _____
                                Deputy Clerk